UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HAROLD JEAN-BAPTISTE,

                Plaintiff,

              -against-

UNITED STATES DEPARTMENT OF
JUSTICE; MERRICK B. GARLAND,
ATTORNEY GENERAL OF THE UNITED
STATES; FEDERAL BUREAU OF
INVESTIGATIONS; DAMIAN WILLIAMS,
UNITED STATES ATTORNEY,

                Defendants.

22-CV-8318 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction, alleging that Defendants violated his federally protected rights. By order dated October 31, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. The amended complaint is dismissed for the reasons discussed below.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

      While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

### A. Plaintiff's Allegations

Plaintiff filed this action against: (1) the United States Department of Justice (DOJ); (2) the Federal Bureau of Investigation (FBI); (3) FBI Director Christopher Wray; and (4) United States Attorney Damian Williams. The following facts are drawn from the amended complaint.

In March 2020, Plaintiff filed several requests with DOJ, the Department of Homeland Security, and other government agencies under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, seeking documents about the government's alleged monitoring and surveilling of him. (*Id.* ¶ 4.)

On August 29, 2022, Plaintiff had a "wonderful interview" for a job at JP Morgan Chase, after which the interviewers told Plaintiff that they "would like to hire" him. (ECF 9 ¶ 9.) The FBI "monitored and was aware of the phone interview," and the FBI "informed" the Chase interviewers not to hire Plaintiff. (*Id.*)

On September 6, 2022, Plaintiff was "invited" to apply to St. Francis School of Law. Because the FBI "monitored" Plaintiff's laptop, it "was aware of the application," and the FBI informed" someone at the law school "not to continue the application." (*Id.* ¶ 10.)

According to Plaintiff, the FBI has "us[ed] National Security Letter[s] to violate [his] Human Rights and Fourth Amendment right to privacy and shield their illegal actions," and seeks "to punish Plaintiff and deny him any means for earning a living because of "past lawsuits" and complaints. (*Id.*) Plaintiff asserts that the FBI is also targeting him because of his race, color, and national origin. Plaintiff brings claims under multiple criminal statutes, and he also invokes the Fourth and Ninth Amendments to the United States Constitution, the Electronic Privacy Act of 1986, and 42 U.S.C. §§ 1983, 1985, 1985(6). Plaintiff seeks declaratory and injunctive relief and money damages. (*Id.* ¶ 1, 12-13.) Plaintiff has also filed multiple motions for issuance of summonses. (ECF 4-8.)

**B.    Other Litigation**

Plaintiff has previously filed similar lawsuits in other federal courts arising out of the same March 2020 FOIA requests. *See, e.g.*, *Jean-Baptiste v. United States Dep't of Justice*, No. 22-CV-1420 (D.D.C. second amended complaint filed Sept. 28, 2022); (*Jean-Baptiste I*); *Jean-Baptiste v. United States Dep't of Justice*, No. 22-CV-22376 (S.D. Fla. amended complaint filed Sept. 14, 2022) (*Jean-Baptiste II*); *Jean-Baptiste v. United States*, No. 22-CV-1861 (D.D.C. Aug. 1, 2022) (dismissing complaint for failure to comply with Rule 8, noting that Plaintiff: (1) "cites at least twenty or more statutes" without "explain[ing] the relevance of these citations"; (2) refers

to FOIA requests without providing "any facts about the purported requests, such as when he submitted them and to whom"; and (3) provides "unsubstantiated hypotheses about what unidentified persons may have planned" as proof of his claims against FBI) (*Jean-Baptiste III*); *Jean-Baptiste v. Dep't of Justice*, No. 22-CV-0897 (D.D.C. Apr. 15, 2022) (dismissing as frivolous claims of government monitoring, surveillance, murder attempts, and interference with employment prospects) (*Jean-Baptiste IV*); *Jean-Baptiste v. United States Dept of Justice*, No. 21-CV-2221 (D.D.C. Jan. 25, 2022) (dismissed for failure to file proof or proper service) (*Jean-Baptiste V*).

In those complaints, Plaintiff invoked the same constitutional provisions and criminal statutes cited in this complaint. Each complaint, however, proffers a different set of facts allegedly showing that the government is monitoring him and interfering with his life and livelihood. For example, in *Jean-Baptiste I,* Plaintiff alleged that: (1) in August 2021, the FBI "setup" Plaintiff to be arrested in connection with a bid for a government contract in Miami, Florida; (2) on March 24, 2021, the FBI contacted Alakmalak.com to "sabotage" Plaintiff's website in order to "set [him] up] for fraud"; (3) on March 2, 2022, after a "wonderful interview," Nirmal Sagar and Prad expressed interest in hiring Plaintiff, but the FBI contacted that firm and told them "not to hire" him; and (4) on March 18, 2022, after a "wonderful interview" with ChenMed Corp., that entity expressed interest in hiring Plaintiff, but they decided not to after the FBI contacted them. No. 22-CV-1420, Doc. 13 ¶¶ 10-12.

Similarly, in *Jean-Baptiste II*, Plaintiff alleged that, on July 16, 2022, the FBI "orchestrated a sophisticated assassination attempt" on Plaintiff's life by poisoning his drink at Florida bar with a toxic substance and instructing personnel at a local hospital not to treat him. No. 22-CV-22376, Doc. 15 ¶ 7. *See also Jean-Baptiste IV*, No. 22-CV-0897 (D.D.C. filed Apr.

4

15, 2022) (dismissing as frivolous complaint alleging that the FBI had monitored Plaintiff's computer, prevented him from getting jobs, surveilled Plaintiff, and made attempts on his life).

## DISCUSSION

The IFP statute, 28 U.S.C. § 1915, "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (internal quotation marks and citation omitted). A finding of factual frivolousness is warranted when the facts alleged are "clearly baseless," "fanciful," "fantastic," "delusional" or wholly incredible, "whether or not there are judicially noticeable facts available to contradict them." *Id.* at 32-33; *see Livingston*, 141 F.3d at 437. The Court must not dismiss a complaint, however, simply because the set of facts presented by the plaintiff appears to be "unlikely." *Denton*, 504 U.S. at 33.

Granting this *pro se* complaint the liberal interpretation that it is due, the Court finds that there is no factual predicate or legal theory on which Plaintiff can rely to state a viable civil claim arising from his allegations and assertions. Plaintiff asserts, in a conclusory manner, that the government is tracking his movements and interfering with his employment and educational pursuits. These allegations do not support any of Plaintiff's claims because they are largely irrational or wholly incredible. *See id.* at 32-33; *Livingston*, 141 F.3d at 437. The Court must therefore dismiss this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *see also Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (court may dismiss complaint *sua sponte* and without providing leave to amend "where the substance of the claim pleaded is frivolous on its face").

The Court declines to construe the amended complaint as seeking judicial review of the denial of FOIA requests from March 2020. Plaintiff has previously filed multiple complaints in

various federal courts invoking the same FOIA requests, rendering this pleading duplicative. *See Jean-Baptiste I — Jean-Baptiste IV*. Accordingly, those claims are dismissed without prejudice.

## LEAVE TO AMEND DENIED AND WARNING

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The defects in Plaintiff's amended complaint cannot be cured with an amendment, and the Court declines to grant Plaintiff leave to file a second amended complaint.

The Court has already discussed Plaintiff's litigation history, and a review of Public Access to Court Electronic Records (PACER) shows that Plaintiff has filed more than 20 *pro se* complaints in various federal courts; many of those complaints assert claims similar to those raised in this amended complaint. *See, e.g.*, *Jean-Baptiste v. Montway LLC*, No. 22-CV-5579, 2022 WL 11213581, at *5 (E.D.N.Y. Oct. 19, 2022) (dismissing complaint because Plaintiff improperly asserted claims under criminal statutes, and because there were no facts giving rise to any viable claims under Sections 1983, 1985, or 1986); *Jean-Baptiste v. U.S. Dep't of Justice*, No. 22-CV-6718 (E.D.N.Y. Dec. 6, 2022) (dismissing as frivolous complaint alleging existence of a government conspiracy to poison Plaintiff with a toxic substance, and warning Plaintiff that he could face a filing injunction should he persist in filing frivolous complaints).

In light of Plaintiff's litigation history, the Court finds that Plaintiff was or should have been aware that the complaint lacked merit when he filed it. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Accordingly, Plaintiff is warned that further duplicative or frivolous litigation in this Court will result in an order barring him from filing new actions IFP without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

Plaintiff's amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

All outstanding matters are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   March 6, 2023
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge